# IN THE COURT OF APPEALS OF IOWA

No. 18-1087
Filed October 23, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DANIELLE LASLEY-EAKINS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Daniel Kitchen, District Associate Judge.

A defendant appeals her convictions for possession of methamphetamine and marijuana. **AFFIRMED.**

Beau A. Bergmann of Bergmann Law Firm, P.L.L.C., Mt. Pleasant, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Tyler J. Buller, and Kyle Hanson, Assistant Attorneys General, and Benjamin Kenkel, Student Legal Intern, for appellee.

Heard by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Danielle Lasley-Eakins appeals from her convictions for possession of marijuana and possession of methamphetamine. On appeal, she challenges the district court's denial of her motion to suppress. We affirm.

**I. Facts and Prior Proceedings**

In May 2017, law enforcement executed a warrant at a residence in Batavia, Iowa, in connection with a narcotics investigation. Lasley-Eakins drove up to the residence in a Honda Accord. When asked to produce identification, Lasley-Eakins provided a non-driver ID. Lasley-Eakins admitted her license was suspended.

An officer confirmed her license was suspended and placed her under arrest for driving while suspended. Officers did not provide Lasley-Eakins an opportunity to remove anything from the vehicle, to lock and secure it at the residence, or to arrange for someone to pick it up. Instead, they searched the vehicle in anticipation of impoundment.

During their inventory search, law enforcement found what appeared to be marijuana, methamphetamine, and drug paraphernalia in Lasley-Eakins's handbag. Subsequent testing confirmed that recovered substances included marijuana and methamphetamine. So the State charged Lasley-Eakins with possession of both substances.

Lasley-Eakins moved to suppress. She argued the search of the vehicle violated the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution.

The district court denied the motion to suppress. In its order, the district court only referenced "the Fourth Amendment of the United States Constitution." And the court only cited Fourth Amendment caselaw. It made no mention of the Iowa Constitution. Nor did it cite any case that mentioned the Iowa Constitution.[1] Although the order cited two Iowa cases—*State v. Huisman*, 544 N.W.2d 433 (Iowa 1996), and *State v. Jackson*, 542 N.W.2d 842 (Iowa 1996)—neither of those cases mentioned the Iowa Constitution. They were both Fourth Amendment cases. *See Huisman*, 544 N.W.2d at 435 ("We hold the Fourth Amendment demands the impoundment decision be made according to standardized criteria and an administrative or caretaking reason to impound exists."); *Jackson*, 542 N.W.2d at 845 ("Inventory searches are a 'well-defined exception' to the warrant requirement of the Fourth Amendment, have nothing to do with the concept of probable cause, and are unrelated to the formal criminal investigatory process.").

After the court denied her motion to suppress, Lasley-Eakins agreed to a trial on the minutes. The court found her guilty of both charged offenses.

On June 20, 2018, Lasley-Eakins filed her notice of appeal. On June 29, the supreme court decided *State v. Ingram*, 914 N.W.2d 794 (Iowa 2018). *Ingram* addressed impounds and inventory searches under the Iowa Constitution.

Lasley-Eakins's moved for a limited remand to apply *Ingram* to her case. The supreme court denied the motion and transferred the case to this court.

---

[1] We note the physical order was divided into two sections that addressed two different issues. The first section addressed a motion to extend deadlines. The second section addressed the motion to suppress. This opinion only discusses the second section.

**II. Standard of Review**

"We review the denial of a motion to suppress on constitutional grounds de novo." *Ingram*, 914 N.W.2d at 798.

**III. Analysis**

Although the district court's ruling only addressed the United States Constitution, Lasley-Eakins's appeal relies entirely on the Iowa Constitution as interpreted in *Ingram*. The State argues Lasley-Eakins's argument was not adequately preserved. We agree.

"Error preservation is a fundamental principle of law with roots that extend to the basic constitutional function of appellate courts." *State v. Harrington*, 893 N.W.2d 36, 42 (Iowa 2017). It is fundamental "that issues must ordinarily be *both raised and decided* by the district court before we will decide them on appeal." *State v. Miller*, No. 14-1878, 2015 WL 6509080, at *2 n.3 (Iowa Ct. App. Oct. 28, 2015) (emphasis added) (quoting *Lamasters v. State,* 821 N.W.2d 856, 862 (Iowa 2012)). These principles "apply with equal force to constitutional issues." *Id.* (quoting *In re Det. of Matlock,* 860 N.W.2d 898, 910 (Iowa 2015)).

So we must determine whether Lasley-Eakins's state constitution argument was "both raised and decided" below. *See Lamasters,* 821 N.W.2d at 862. We begin by asking whether she "raised" her state constitution claim. *See id.* The State argues that, in the district court, Lasley-Eakins merely "included flowery language about the Iowa Constitution" in her briefing. She "never articulated a different standard that should be applied under the state constitution" in her motion to suppress or supporting brief. We acknowledge the State's concerns. Although Lasley-Eakins noted Iowa's article I, section 8 could offer greater protection than

the Fourth Amendment, she did not alert the district court that a much different standard—the *Ingram* standard—could apply under the Iowa Constitution. Nevertheless, in light of our supreme court's recent decisions, we believe Lasley-Eakins's mention of article I, section 8 was sufficient to raise the issue. *See, e.g.*, *State v. Gaskins*, 866 N.W.2d 1, 6 (Iowa 2015).

But did the district court "decide" Lasley-Eakins's state constitutional claim? *Lamasters,* 821 N.W.2d at 862. We conclude it did not. The district court's ruling only mentions the federal constitution and its caselaw. The court made no reference to the state constitution or its caselaw. So we find Lasley-Eakins failed to preserve any state constitutional claim. *See State v. Nunez*, No. 18-0174, 2019 WL 1752654, at *2 (Iowa Ct. App. Apr. 17, 2019) ("We conclude Nunez did not preserve error because there was no ruling on this issue by the district court.").

We recognize that in *Gaskins* the supreme court determined an article I, section 8 claim was preserved where (1) the motion to suppress referenced article I, section 8 and (2) the court's ruling discussed state and federal caselaw but did "not cite either constitution." *See* 866 N.W.2d at 6. This case is different. Unlike in *Gaskins*, the district court here *expressly* cited the federal constitution *but* made no mention of the state constitution or any case interpreting it. The district court's express mention of the federal constitution implies the exclusion of the unmentioned state constitution. Lasley-Eakins acknowledges as much by complaining "the trial court *should have* examined the case *not only*" under the "federal standard utilized in *Huisman*, but from the [perspective] of the Iowa Constitution." (Emphasis added.)

In short, we believe the district court only "decided" Lasley-Eakins's Fourth Amendment argument. *See Lamasters,* 821 N.W.2d at 862. We "cannot conclude confidently" the district court adjudicated any issue under the Iowa Constitution. *See State v. Prusha*, 874 N.W.2d 627, 630 (Iowa 2016). Nor did Lasley-Eakins ask the district court to expand its ruling to address the state constitution. *See State v. Krogmann*, 804 N.W.2d 518, 524 (Iowa 2011) ("[W]hen a court fails to rule on a matter, a party must request a ruling by some means."). So we conclude Lasley-Eakins failed to preserve error on her Iowa Constitution claim. Nor has she raised any claim of ineffective assistance of counsel. Accordingly, we do not address her state constitution claim on direct appeal. We affirm.

**AFFIRMED.**